# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TIMOTHY W. GRAY,            )
                            )
       Plaintiff,    )
                            )
v.                          )   Case No. CIV-15-314-KEW
                            )
NANCY A. BERRYHILL, Acting  )
Commissioner of Social      )
Security Administration,    )
                            )
       Defendant.    )

## OPINION AND ORDER

Plaintiff Timothy W. Gray (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 24, 1977 and was 36 years old at the time of the ALJ's decision. Claimant completed his high school education and vocational technical training in heating and air conditioning. Claimant has worked in the past as a school bus driver, cook, sign tech, maintenance worker, oil changer, bottle maker, radio installer, and HVAC installer. Claimant alleges an inability to work beginning May 28, 2011 due to limitations

3

resulting from COPD, neuropathy in his hands and feet, fibromyalgia, arthritis in his back, knees, and hands, depression, stomach/esophagus problems, high blood pressure, and hiatal hernia.

## Procedural History

On September 12, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On October 24, 2013, Administrative Law Judge ("ALJ") Gene M. Kelly conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. On February 6, 2014, the ALJ entered an unfavorable decision. On July 24, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to specify

the frequency of Claimant's need to alternate between sitting and standing in the RFC assessment.

**RFC Evaluation**

In his decision, the ALJ found Claimant suffered from the severe impairments of angina, degenerative disc disease, obesity, knee impairment, neuropathy, esophagitis and suspected Barrett's esophagus, hyperglycemia, chronic obstructive pulmonary disease ("COPD"), hypertension, depression, and anxiety. (Tr. 22). The ALJ determined Claimant retained the RFC to perform light work. In so doing, the ALJ found that Claimant could lift/carry 20 pounds occasionally and 10 pounds frequently, stand or walk for six hours in an eight hour workday, and sit at least six hours in an eight hour workday. He can only occasionally climb, bend, stoop, squat, kneel, crouch, crawl, push, and pull. Claimant had a slight limitation (between constant an frequent) in finger, feel, and grip with the same slight limitation on foot controls. The ALJ found Claimant should avoid uneven surfaces, heights, dangerous machinery, temperature extremes, wet work environments, dust, fumes, odors, and gases. Claimant should have easy access to restrooms. He would need to alter position for time to time (he would not have to leave the work station) and would be able to meet production quotas. Claimant could perform simple, routine work. He was found to be afflicted with symptomatology from a variety of

5

sources that produced mild to moderate chronic pain, which was of sufficient severity to be noticeable to him at all times, but nonetheless he should be able to remain attentive and responsive in a work setting and could carry out work assignments satisfactorily. The ALJ noted Claimant took medication for the relief of symptomatology, however, medications did not preclude him from functioning at the level as restricted and he would remain reasonably alert to perform required functions in the work setting. (Tr. 24).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of hand packager, sorting jobs, assembly worker, and food order clerk, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 32). As a result, the ALJ determined Claimant was not under a disability from May 28, 2011 through the date of the decision. Id.

Claimant contends the ALJ specified a sit/stand option in the RFC without designating the frequency required for alternating between sitting and standing. Defendant counters that the ALJ did not actually designate a sit/stand option but only that Claimant required to alternate positioning from time to time. For more clarification, a review of the hearing transcript reveals that the ALJ characterized the restriction in his hypothetical questioning

6

of the vocational expert as

> I'm not making this a sit/stand option, I'm saying he just has to shift position, move around in his chair, maybe stand up for a second, and maybe sit down for a second, he will not be required to leave the work station and he will be able to maintain production quotas.

(Tr. 68).

It appears from this question that the ALJ declined a sit/stand option then posed a question with a factual circumstance that included a sit/stand option. The problem with the question surrounding or suggesting a sit/stand option is that the regulations and case authority require that the ALJ "must be specific as to the frequency of the individual's need to alternate sitting and standing." Soc. Sec. R. 96-9p, 1996 WL 374185, at *7. The Tenth Circuit has found that the language of changing position "from time to time" to be "vague." Armer v. Apfel, 2000 WL 743680, *3 (10th Cir. June 9, 2000).

Moreover, Defendant now argues that the ALJ's "from time to time" designation is equivalent to a "alternate at will" restriction. Nothing in the ALJ's decision indicates he intended this since he also states that productivity would be unaffected. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). Since the restriction on

7

Claimant's movements during work is not adequately explained, the case will be remanded to allow such a clarification and statement of frequency of the restriction - with specificity.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE